The Hon. James L. Robart

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LESLIE A. HILDRETH,<br>aka LESLIE DELROSARIO,<br><br>Defendant. | NO. CR24-231-JLR<br><br>**ORDER OF FORFEITURE** |

THIS MATTER comes before the Court on the parties' Stipulation Motion for Order of Forfeiture (the "Motion") seeking to forfeit, to the United States, Defendant Leslie A. Hildreth's interest in the following:

- A sum of money (also known as a forfeiture money judgment) in the amount of **$20,607.60,** reflecting the unrecovered proceeds that Defendant personally obtained from Defendant's commission of *Bank Fraud*, in violation of 18 U.S.C. § 1344 (Count 1 of the Information).

The Court, having reviewed the Motion, as well as the other papers and pleadings filed in this matter, hereby FINDS entry of an Order of Forfeiture is appropriate because:

- The proceeds of *Bank Fraud*, in violation of 18 U.S.C. § 1344, are forfeitable pursuant to 18 U.S.C. § 982(a)(2);

Order of Forfeiture - 1
*United States v. Hildreth,* CR24-231-JLR

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

- In her Plea Agreement, Defendant agreed to forfeit, pursuant to 18 U.S.C. §982(a)(2), her interest in a forfeiture money judgment reflecting the amount of unrecovered proceeds that she obtained from her commission of *Bank Fraud* (Dkt. No 28, ¶ 16);
- The amount of the unrecovered proceeds with respect to the five vehicles that Hildreth obtained is approximately $20,607.60;
- The forfeiture of this sum of money is personal to Defendant and, pursuant to Federal Rule of Criminal Procedure ("Fed. R. Crim. P.") 32.2(c)(1), no third-party ancillary process is required before forfeiting it.

NOW, THEREFORE, THE COURT ORDERS:

1) Pursuant to 18 U.S.C. § 982(a)(2) and her Plea Agreement, Defendant's interest in a sum of money in the amount of **$20,607.60**, is fully and finally forfeited, in its entirety, to the United States;

2) Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A) – (B), this Order will become final as to the Defendant at the time she is sentenced; it will be made part of the sentence; and it will be included in the judgment;

3) No right, title, or interest in the identified sum of money exists in any party other than the United States;

4) Pursuant to Fed. R. Crim. P. 32.2(e), in order to satisfy this Order forfeiting the sum of money, in whole or in part, the United States may move to amend this Order, at any time, to include substitute property having a value not to exceed **$20,607.60**; and

///

///

Order of Forfeiture - 2
*United States v. Hildreth,* CR24-231-JLR

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

5) The Court will retain jurisdiction in this case for the purpose of enforcing this Order, as necessary.

DATED this 11th day of August, 2025.

THE HON. JAMES L. ROBART
UNITED STATES DISTRICT JUDGE

Presented by:

*s/ Karyn S. Johnson*
KARYN S. JOHNSON
DANE A. WESTERMEYER
Assistant United States Attorneys

Order of Forfeiture - 3
*United States v. Hildreth,* CR24-231-JLR